**ISLAND INSTEEL SYSTEMS, INC. Island Insteel Construction, Inc., Peter W. Clark, Peter W. Clark Family Trust and Alan R. Feuerstein, Plaintiffs,**

v.

**Darrin WATERS, Tammy Waters, Tammy Most, Panels Inc. and Concrete Panels Construction, Inc., Pavillions and Pools, Inc., Unknown Defendants A–Z, Defendants.**

No. CIV. 97–2676CCC.

United States District Court, D. Puerto Rico.

Sept. 30, 1998.

Bamily López–Ortiz, Rio Piedras, PR, for Plaintiffs.

Bruce J. McGiverin, San Juan, PR, for Defendants.

## OPINION AND ORDER

CEREZO, Chief Judge.

This action is before us on a Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2), Fed.R.Civ.P., or alternatively, Motion to Transfer filed by defendants (docket entry 2) and opposed by the plaintiffs (docket entry 13). Defendants state in their opposition that "the instant case is federal in nature, since it is brought under the Lanham Act, 15 U.S.C.A. § 1125(a), thus investing this Court with original subject matter jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1337," Opposition to Motion to Dismiss, at p. 3. Defendants confuse subject matter jurisdiction with jurisdiction over the person "which involves the court's ability to exercise its power over an individual for the purpose of adjudicating his rights and liabilities stemming from a particular transaction or event," Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1350. The jurisdictional challenge raised by defendants is for lack of personal jurisdiction pursuant to Rule 12(b)(2), not for lack of subject matter jurisdiction under Rule 12(b)(1).

After a careful consideration of the allegations and memoranda submitted by the parties, the Court finds that this case should be dismissed for lack of jurisdiction over the defendants.

The plaintiffs are Peter Clark, a resident of St. Thomas, the Peter W. Clark Family Trust, a legal trust registered in the State of New York and Alan Feuerstein, a resident of Buffalo, New York. The two plaintiff corporations, Island Insteel Systems and Island Insteel Construction, were organized under the laws of Puerto Rico. Both corporations were organized to conduct business mainly in the Virgin Islands and throughout the Caribbean. Defendant, Darrin Waters, Tammy Waters and Tammy Most are all residents of St. Thomas, U.S. Virgin Islands. Pavillons and Pools, Inc. Is a corporation organized to operate a Hotel in St. Thomas, U.S. Virgin Islands while defendants, Panels Inc. and Concrete Panel Construction are corporations that operate and contract in St. Thomas and throughout the Caribbean. See allegations 5 through 13 of the complaint.

The following factual allegations of the verified complaint are relevant. Plaintiff Peter W. Clark, who was engaged in the real estate development business in St. Thomas, contacted a business by the name of Insteel Construction Systems of Brunswick, Georgia with the intention of entering into a distribution agreement. Mr. Clark approached codefendant Darrin Waters to share his business plans regarding the "Insteel" deal. According to the complaint, Clark and Waters organized two corporations under Puerto Rico law, Island Insteel Systems, Inc. and Island Insteel Construction, Inc. These two corporations were awarded a distributorship agreement by Insteel Construction Systems of Brunswick, Georgia.

Upon being awarded said contract, the parties commenced to build construction projects in the St. Thomas region. It is alleged that, in the aftermath of hurricane Marilyn which hit St. Thomas in 1995, people became aware that the houses built with the "Insteel" panel system suffered only minor or no structural damages. Following media coverage, the plaintiff corporations received additional business contracts to perform construction work in St. Thomas. At some point, the plaintiff corporations encountered difficulties with the new building code approved in St. Thomas yet continued to operate in the Island.

Due to allegations that the corporations were in financial difficulties, Clark requested from Waters access to the corporate accounting books. It is alleged that Clark was denied access and that, suddenly, the corporations' projects were stalled. At the same time, the Waters were using personnel belonging to the plaintiff corporation to build their private house in St. Thomas.

Plaintiffs claim that defendant Waters went to the Office of the Lieutenant Governor in St. Thomas and registered Island Insteel Systems Inc. as a trade name of his own under his personal contractor's license and that defendants later formed two corporations, Panels, Inc. and Concrete Panels Construction, Inc., to conduct the same kind of business that plaintiffs had been conducting with the "Insteel" panel systems. The relationship between the parties so eroded that Clark went to the Banco Popular Branch in St. Thomas to check on the bank account balance of the plaintiff corporations. He was then informed that the bank accounts had been closed by Waters who had opened new accounts without Clark as a signator. Plaintiffs allege that Waters later transferred all the funds to the new accounts of Panels, Inc. and Panels Construction, Inc. and that the plaintiff corporations were stripped of all assets, including bank accounts and equipment.

Personal jurisdiction implicates the power of a court over a defendant. *Branch Metal Processing, Inc. v. Boston Edison Co.*, 952 F.Supp. 893, 906 (D.R.I.1996). A plaintiff must carry the devoir of persuasion on the elements of relatedness and minimum contacts. *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995). There are two different avenues by which a court may obtain personal jurisdiction. One path is that of general personal jurisdiction and the other is that of specific personal jurisdiction. *Branch Metal Processing, Inc., supra*, at 906.

In reviewing whether there is specific personal jurisdiction over a defendant, the Court must conduct a two-fold inquiry: (1) whether the exercise of jurisdiction is proper under the forum's state's long-arm authority. *Woodke v. Dahm*, 873 F.Supp. 179, 192 (N.D.Iowa, 1995), and (2) whether the exercise of personal jurisdiction comports with due process requirements. *Woodke v. Dahm, supra*, at 193. As stated in *Foster–Miller, Inc., supra*, at 144, "the existence of specific personal jurisdiction depends upon plaintiff's ability to satisfy two cornerstone conditions: first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over defendant and second, that the exercise of jurisdiction pursuant to that statute comports, with the strictures of the Constitution."

Rule 4.7(a)(1) of the Puerto Rico Rules of Civil Procedure provides that the minimum contacts requirement is met if the non-resident carries out business transactions within Puerto Rico. Puerto Rico's long-arm statute permits the exercise of jurisdiction to the full extent of constitutional authority. *Mangual v. General Battery Corp.*, 710 F.2d 15, 19 (1st Cir.1983).

The exercise of personal jurisdiction must be consistent with the Due Process Clause for it "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985), *Comm. of Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652, 657 (1st Cir.1980), *Fash Obalco, Inc. v. M.K.M. Industries, Inc.*, 888 F.Supp. 344, 346 (D. Puerto Rico 1995). The Due Process Clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant only when the defendant has sufficient minimum contacts with the forum. *Noonan v. Winston Co.*, 135 F.3d 85, 90 (1st Cir. 1998). The First Circuit utilizes a three-part test to determine if sufficient contacts exist to exercise specific personal jurisdiction. *Branch Metal Processing, Inc., supra*, at 906. Sufficient minimum contacts exist for specific jurisdiction when (1) there is a causal nexus, that is, the claim underlying the litigation directly arises out of or relates to defendant's forum-state activities; (2) defendant's in-state contacts represent purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making defendant's involuntary presence before the state's courts foreseeable (foreseeability), and (3) exercising jurisdiction is fair under the *Gestalt* factors. *Noonan, supra*, at 90; *Branch Metal Processing, Inc., supra*, at 907; *see also Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283

(1958); *Burger King Co. v. Rudzewicz,* supra, at 474, 105 S.Ct. 2174.

The Gestalt factors are the following: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." *Branch Metal Processing, Inc.,* supra, at 907.

■ The jurisdictional inquiry in this case has been conducted without holding an evidentiary hearing. We must, therefore, consider the facts in the light most favorable to the non-moving party. *Hot Stuff Food Systems, Inc. v. Griffin Petroleum, Inc., et al.,* 891 F.Supp. 499, 501 (D.S.C.1995). That does not, however, exempt the plaintiffs of their duty to show that jurisdiction may be exercised over the defendants. *Foster–Miller Inc. v. Babcock & Wilcox Canada, supra.* To meet its burden, a plaintiff must make a prima facie showing that the court may exercise jurisdiction based on specific facts alleged in submitted pleadings, affidavits, and exhibits. *Zacarias De La Rosa, et al. v. Philip Morris Products, Inc.,* 975 F.Supp. 161, 164 (D.P.R.1997).

■ Plaintiffs argue that this Court has jurisdiction over Darrin and Tammy Waters and Tammy Most because they "are officers and shareholders of plaintiff corporation, which was incorporated under the laws of the Commonwealth of Puerto Rico, purposely availing themselves of the privileges of conducting activities within Puerto Rico, thus invoking the benefits and protections of its laws," p. 3. However, the fact, standing alone, that a non-resident defendant is an officer of a corporation organized under the laws of Puerto Rico is insufficient to establish jurisdiction over him. There must be an independent basis for asserting jurisdiction over the non-resident corporate officer. *Mangual v. General Battery Corp., supra,* at 19. Plaintiffs have not adduced any other factual basis on which this Court could determine that non-resident defendants Darrin Waters, Tammy Waters, and Tammy Most, had sufficient contacts with this forum which would justify the exercise of personal jurisdiction over them. Plaintiffs do not allege nor does the record reflect any circumstances establishing a causal nexus between the claim underlying this action and the individual defendants' forum-state activities. There is no showing "of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury." *Mangual, supra,* at 19.

■ Regarding the two defendant corporations, plaintiffs have also failed to assert the actions that would constitute minimum contacts with our forum. The complaint only alleges that "Panels, Inc. and Concrete Panel Construction Inc. are corporations organized, directed and/or owned by co-defendant individuals" and that "[t]he purpose of these corporations is to distribute and contract in the United Virgin Islands and throughout the Caribbean, including Puerto Rico, where they have done business, the use of the insteel panel construction method." ¶ 12 of the complaint. "Pavilions and Pools, Inc. is a corporation organized for the purpose of operating the Pavilions and Pools Hotel in St. Thomas, U.S.V.I." ¶ 13 of the complaint. Plaintiffs have made no allegations or raised any arguments as to when, which or how many business transactions these companies have allegedly conducted in Puerto Rico or how their claim is related to the corporate defendants' forum state activities, if any were indeed conducted. In opposing defendants' dismissal motion, plaintiffs merely contend that "defendants have indeed carried out business transactions in Puerto Rico." Page 3 of the Opposition (docket entry 13). They have not even alleged that the corporate defendants were organized under the laws of Puerto Rico.

In making the proffer, a plaintiff cannot rest upon the pleadings, but rather is obliged "to adduce evidence of specific facts" which the court accepts as true for the purpose of determining the adequacy of the showing. *Hasbro, Inc. v. Clue Computing, Inc.,* 994 F.Supp. 34, 39 (D.Mass.1997).

The motion to dismiss for lack of personal jurisdiction filed by defendants Darrin Waters, Tammy Waters, Tammy Most, Panels,

Inc., Concrete Panels Construction, Inc., and Pavilions and Pools, Inc. (docket entry 2), is hereby GRANTED. Plaintiffs have failed to establish specific personal jurisdiction by showing actions taken or activities conducted by the individual or corporate defendants in this forum which have a causal nexus to the claim underlying this litigation and which would amount to an availment of the benefits and protections of the laws of Puerto Rico that would make it foreseeable that they would be haled into the courts of our forum. Unlike the plaintiff in *Hasbro, Inc.*, the trademark infringement claims raised by plaintiffs in this case neither relate to nor stem from any contacts of the defendants with this forum. Neither have plaintiffs made a general jurisdiction argument nor is there any basis to support a finding that the defendants had intense, continuous and systematic activity in this forum, although unrelated to the present lawsuit.

SO ORDERED.