**GODDARD, INC., d/b/a Freshway Food Systems, Plaintiff,**

v.

**HENRY'S FOODS, INC., Defendant.**

### Civ. No. 01–4074.

United States District Court, D. South Dakota, Southern Division.

Aug. 10, 2001.

Richard L. Travis, Mark J. Arndt, May, Johnson, Doyle & Becker, Sioux Falls, SD, for plaintiff.

Vincent A. Foley, Kevin J. Krull, Foley Law Office, Watertown, SD, Warren C. Anderson, Amy J. Doll, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Chartered, Morris, MN, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

PIERSOL, Chief Judge.

Plaintiff Goddard, Inc., doing business as Freshway Food Systems (Freshway), brings this action against Defendant Henry's Foods, Inc. (Henry's), alleging, among other things, infringement of federally protected trademark and trade dress. Freshway has filed a Motion for a Preliminary Injunction and a Motion for an Expedited Hearing. In response, Defendant has filed a Motion to Transfer Venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Plaintiff opposes the motion.

Plaintiff Freshway is a South Dakota Corporation that does business in Minnesota. Defendant Henry's is a Minnesota Corporation that does business in South Dakota. Each party is in the retail food services business. Plaintiff has 130 Freshway stores in an 11 state area. According to the parties, approximately 43 of those Freshway stores are in Minnesota and only three are in South Dakota. Defendant operates a competing retail food chain called Deli–Max. Defendant has several Deli–Max stores in Minnesota and no Deli–Max stores in South Dakota.

In its Complaint, Freshway alleges that Defendant, through its Deli–Max stores, is guilty of false representations and infringement of a federally protected trademark in violation of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1114; injury to business reputation and dilution of a service mark and trade dress in violation of South Dakota state law; service mark infringement in violation of federal common law and South Dakota common law; unfair competition in violation of federal common law and South Dakota common law; breach of contract; conversion; and interference with the prospective business advantages of Freshway.

■ Defendant's motion to transfer under 28 U.S.C. § 1406(a) must fail. Section 1406 states: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue

in this Court is not improper. Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." For purposes of venue, a corporation resides in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." There does not appear to be any dispute that Defendant is subject to personal jurisdiction in this district. As a result, venue is proper here and the case will not be transferred under section 1406(a). *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1392 (8th Cir.1991).

 The case will be transferred to the United States District Court for the District of Minnesota, however, pursuant to section 1404(a). Under section 1404(a), the Court must consider "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice" when deciding a motion to transfer. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.1997). Courts generally give deference to the plaintiff's choice of forum and "thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695. Defendant has met this burden.

 Plaintiff and Defendant are correct that the convenience of the parties does not weigh in favor of either party. The convenience of the witnesses is also not a major factor but on balance it weighs in favor of transfer. Defendant claims that it will call several non-party witnesses from Minnesota who have been consumers at Freshway or Deli–Max. Plaintiff argues that the burden on Defendant's non-party witnesses of traveling to Sioux–Falls is not great enough to overcome the preference for Plaintiff's choice of forum. Plaintiff does not, however, indicate where its witnesses might come from or if they would be inconvenienced by laying venue in

Minnesota. On balance then, Minnesota would appear to be a more convenient forum for the witnesses in this case.

Most importantly, the interests of justice weigh in favor of transferring the case to Minnesota. Plaintiff brings this suit, in part, under the Lanham Act. This Court has adopted the traditional rule that venue in a Lanham Act case is proper "where the 'passing off' occurred." *Hot Stuff Food Systems, Inc. v. Griffin Petroleum, Inc.*, 891 F.Supp. 499, 504 (D.S.D.1995). Plaintiff admits that there are no Deli–Max stores in South Dakota and, therefore, there cannot have been any passing off in this district. There are however, many Freshway and Deli–Max stores in Minnesota and any passing off that has occurred or will continue to occur will happen there. Plaintiff argues that a transfer would not be proper because it has plead several claims arising under South Dakota law. With the exception of the claims for breach of contract and conversion, however, Plaintiff's state law claims, such as infringement and unfair competition, are essentially the same as its Lanham Act claims. As a result, "a substantial part of the events or omissions giving rise to the [state law] claim[s]" will have occurred in Minnesota, making venue there proper under 28 U.S.C. § 1391(b)(2). In addition, venue would be proper in Minnesota for Plaintiff's breach of contract and conversion claims under section 1391(b)(1). Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Transfer Venue (Doc. 8) is GRANTED; and

2. That this action will be transferred to the United States District Court for the District of Minnesota.